Larry Kenneth
**HIGGINBOTHAM, Appellant,**

v.

**The CORNER STONE BANK, Appellee.**

**Civ. A. No. 89–5077–CV–SW–1.**
**Adv. No. 88–0777–SW–7.**
**Bankruptcy No. 85–01720–SW–7–DJS.**

United States District Court,
W.D. Missouri,
Southwestern Division.

Feb. 23, 1990.

John R. Stonitsch, Dept. of Justice, Kansas City, Mo., Barry R. Langford, Joplin, Mo., for appellant.

Sylvia K. Byrnes–Ales, Roberts, Fleischaker & Williams, Joplin, Mo., for appellee.

## ORDER

WHIPPLE, District Judge.

This matter is an appeal from the bankruptcy court, where appellant (hereafter, "debtor") was denied discharge of debt. Debtor filed his brief November 30, 1989. The appellee ("creditor") filed its brief December 15, 1989. Debtor did not file a reply brief. For the reasons set forth below, the judgment of the bankruptcy court will be affirmed.

### I. *Statement of the Case*

This appeal developed as a result of the tragic death of the late Honorable Dennis J. Stewart, chief bankruptcy judge. At the conclusion of a hearing on June 8, 1989, Judge Stewart briefly articulated his findings of fact and conclusions of law. He also permitted debtor ten days within which to submit documents which might change his findings. Judge Stewart then prepared more elaborate findings of fact and conclusions of law, but did not file them. On June 16, 1989, Judge Stewart died. The Honorable Karen M. See, bankruptcy judge, entered judgment June 30, 1989, in favor of creditor on the basis of Judge Stewart's findings and conclusions. Debtor appeals the judgment.

At the beginning of his brief, debtor identifies four issues on appeal. However, he submits no facts, law or argument in support of his claims that the bankruptcy court erred (1) in its findings of fact, (2) in finding that debtor failed to explain loss or diminution of assets, and (3) in finding that debtor concealed and removed equipment with intent to hinder delay and defraud the secured creditor and trustee. Rather, debtor's brief focuses completely on the denial of discharge without a separate hearing by the successor judge. Accordingly, the issues which were not addressed by debtor will be disregarded by the court. This order will concern only the issue which debtor argued, that is, whether the judgment was entered properly.

Creditor's responding arguments are threefold. First, debtor waived any right to a new hearing by failing to challenge the bankruptcy court's procedure before appealing the result. Second, the record is sufficient to support summary judgment in favor of creditor. Finally, Judge Stewart recited sufficient findings at the hearing to justify denying discharge.

### II. *Statement of Facts*

Debtor filed this bankruptcy action voluntarily under Chapter 11 of the Bankruptcy Code on May 16, 1985. The matter was converted to an involuntary bankruptcy proceeding under Chapter 7 on June 23, 1988. Creditor filed a complaint objecting to discharge on December 23, 1988, seeking denial of discharge pursuant to 11 U.S.C. §§ 727(a)(2), (3), (4), and (5), and 523(a)(6). Essentially the allegations were that debtor improperly caused or permitted diminution of asset value, and then obstructed determination of the deficiency.

Judge Stewart received evidence at a hearing on June 8, 1989. The transcript includes these statements at the conclusion:

> * * * The law is when you try to demonstrate what happened to this property that you had on hand, a plausible explanation is not sufficient. It has to be documented by resorting to books, records and documents. * * *

(Tr. at 239).

> He [debtor] contends that he has some records and it's essential that they be produced or a reasonable summary of them be produced in order to avert the denial of discharge.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> The Court can't simply go on the oral explanation of the witness. I'm going to give you ten days to submit the records.
> \* * *

(Tr. at 241).

> All right, would you [debtor's counsel] produce that within ten days, what you

can? I would prefer that it be in summary form and have the documents available so they can under appropriate circumstances be reviewed by the Court. If you do need additional time then you should file a motion to that effect and state a good cause.

(Tr. at 242).

After the hearing, Judge Stewart drafted findings of fact and conclusions of law which were consistent with his statements at the hearing (and his own prior published opinions, which he cited in the draft). Apparently Judge Stewart anticipated that the necessary documentation would not be submitted. He died on June 16, 1989.

Also on June 16, 1989, two days before the 10–day period expired, debtor filed a motion. Debtor sought an extension of time to June 30, 1989, to file the documents which Judge Stewart had announced would be necessary for debtor to avert denial of discharge. The motion did not offer any reason why more time would be necessary. The record on appeal is unclear concerning whether that motion was granted or denied.

If the motion had been granted, the new deadline for submitting the required documentation would have been June 30, 1989. Nevertheless, no documents were filed. In the absence of any documentation to avert denial of discharge, Judge See entered an order on June 30, 1989, adopting Judge Stewart's findings of fact and conclusion of law, and entering judgment denying discharge.

On July 3, 1989, debtor filed another motion for extension of time to July 14, 1989, to submit documentation. The certificate of service on the motion is dated June 29, 1989, suggesting it was sent before Judge See's order was signed, but received afterward. The record on appeal does not illustrate whether that motion was granted or denied.

On July 10, 1989, debtor filed his motion to vacate, alter or amend the June 30, 1989, order and judgment (which debtor received on July 3, 1989). Debtor relied entirely on the assertion that the two motions for extension had not been ruled. The motion did not challenge, or even mention, the procedure followed by Judge See. Rather, it merely asked that the order and judgment be set aside until at least July 14, 1989, so debtor would have time to produce documents. Again, debtor set forth no reasons why he needed more time. Creditor responded on July 17, 1989, in opposition to the motion to vacate, alter or amend.

On July 26, 1989, Judge See entered an order denying the motion to vacate alter or amend. Also on July 26, 1989, (twelve days after date when documents would have been produced, according to the July 3, 1989, motion), debtor submitted some documentary evidence.

The judgment already had been rendered, and the motion to vacate was denied on the same day, so apparently the documents were not considered. Of course, they were filed too late to be considered in this appeal. Neither party has suggested in the appeal briefs that the documents should have any effect on the resolution of this appeal. Therefore, they will be disregarded.

## III. *Discussion*

The decision of the bankruptcy court must be upheld for three reasons. First, debtor did not challenge the procedure employed by Judge See to accomplish the administrative conclusion of the case. Having failed to seek a new hearing from the bankruptcy court, debtor has waived any right he might have had. Second, Judge Stewart amply set forth his findings of fact and conclusions of law at the conclusion of the hearing. Judge Stewart permitted debtor ten days within which to submit documents which might have averted denial of discharge, but nothing was submitted until seven weeks later (nearly a month after Judge See's order). The draft which was adopted by Judge See was no more than an elaboration on what Judge Stewart already had found. Third, in the seven weeks after the hearing debtor submitted no documents by which he could avoid summary judgment. Judge See's order can be viewed in the alternative as an independent decision which is supported by the record because the record contained no documen-

tary evidence to account for the diminution of asset value.

## A. *Waiver*

■ In regard to waiver, a useful juxtaposition can be found in *In re Schoenfield*, 608 F.2d 930 (2nd Cir.1979). In that case (unlike here), one of the parties appealed a bankruptcy court's decision to proceed with a trial even though the original judge died before it concluded. In its discussion, at 933, the court noted how remarkably few cases concerned the death of a judge before a final ruling was entered. Nevertheless, at 934, it described four cases which permitted a successor judge to conclude a case where no party objected:

> *Thomas–Bonner Co. v. Hooven, Owens & Rentschler Co.*, 284 F. 386, 392 (6th Cir.1922) (successor judge in contract action noted that no one having interest in case objected to the reassignment of the case); *Bangor & Aroostook Railroad Co. v. Brotherhood of Locomotive Firemen & Enginemen*, 314 F.Supp. 352 (D.D.C.1970), *aff'd* [sic, *remanded on other grounds*], 143 U.S.App.D.C. 90, 442 F.2d 812 (D.C.Cir.1971) (motion presented to original judge solely on basis of affidavits, briefs, and arguments was decided by successor judge; findings and conclusions of original judge were clear from his rulings during the hearing); ... *Petition of Garcia*, 65 F.Supp. 143 (W.D.Pa.1946) (no indication in opinion that either party objected to substitution of judges); *O'Grady v. Chautauqua Builders' Supply*, 33 F.2d 957 (W.D.N.Y. 1929) (district court rendered decision on basis of testimony taken by referee, acting as special master, who died before rendering decision; no indication of objection by either party).

Eventually, the court in *Schoenfield* ruled that appellant was entitled to the new trial he sought from the successor trial judge. A clear, common-sense rule can be drawn by comparing *Schoenfield* with the cases described above. If a party does not object to a successor judge's procedure after the predecessor dies, then that party will not be permitted to appeal the procedure. A party who does not seek a new hearing or trial from the successor judge cannot later argue on appeal that a new hearing or trial was denied.

In *Townsend v. Gray Line Bus Co.*, 767 F.2d 11, 18 (1st Cir.1985), the court reached a similar conclusion. There, the successor judge proceeded on the basis of a record made before the predecessor judge died. The court said, at 18, "We think the district court was entitled to infer from Gray Line's silence that Gray Line acquiesced in the procedure it adopted and had waived its right to retry the case."

■ In this instance, debtor was on notice at least by July 3, 1989, of the procedure that had been followed after Judge Stewart's death. He filed a motion to vacate, alter or amend Judge See's order, but intimated no clue that he objected to the manner in which the case would be resolved. Instead, apparently recognizing or acquiescing to Judge See's authority over the case, debtor sought an order from Judge See permitting him more time to submit documentation. Confronted with clear notice of how the bankruptcy court would accomplish the transfer of Judge Stewart's cases, debtor should have raised the point with Judge See if he genuinely believed the procedure was inappropriate or unfair. His inaction constitutes a waiver of any right he may have had to a new hearing. He cannot be permitted to wait to see if the ruling is unfavorable, then challenge the procedure on appeal, without having alerted the bankruptcy court to his objections to the procedure.

## B. *Oral Findings and Conclusions*

As quoted above, Judge Stewart clearly expressed his findings of fact and conclusions of law in person at the hearing. He announced that he had found the evidence at the hearing insufficient to avert denial of discharge. He further stated, correctly, that documentation would be required to avert denial discharge. Although succinct, these remarks can constitute the findings and conclusions necessary to enter judgment.

In an abundance of accommodation, Judge Stewart informed the parties what

sort of evidence would be needed to change the ruling, and gave more than sufficient time to produce it. Anticipating such evidence would not be produced (debtor's bankruptcy filing already was more than four years old), Judge Stewart prepared more elaborate findings and conclusions. The draft completely corroborates the remarks at the hearing. The consistency between the findings and conclusions at the hearing, and those in the draft, is illustrated by his citation of various cases[1] which he previously had decided. Being able to cite his own prior cases on the relevant points shows how well-versed he was in that area of the law when he made his observations at the hearing.

No one has challenged the authenticity of the draft which Judge See adopted and identified as Judge Stewart's findings and conclusions. At the time Judge See adopted the draft (and for 26 days thereafter), no documents had been submitted by debtor to fulfill the condition subsequent which Judge Stewart had imposed to avert denial of discharge. The draft was based upon Judge Stewart's personal observations at the hearing, his knowledge of the law, and the failure of debtor to produce any documents to show why discharge should not be denied.

Under all those circumstances, the decision in this case clearly was Judge Stewart's decision. His work essentially was complete, awaiting only the possibility that debtor would produce some persuasive documentation—which had not appeared in the four years before the hearing, or for seven weeks thereafter. Judge See's order and judgment is significant, but only to the extent that it implements the manifest intent of the trial judge. That intent, of course, was to deny discharge, and later to elaborate upon and memorialize his findings at the hearing—if debtor was unable to submit documents. When debtor failed to submit documents, Judge See executed the administrative maneuvers to accomplish the conclusion of the case according to the facts and law found and announced by Judge Stewart.

### C. Summary Judgment

The record and applicable law reveal that the complaint was appropriate for summary judgment in favor of creditor and against the debtor. The record is replete with evidence of the diminution of asset value, but virtually void of substantial evidence to explain the diminution. Absent any substantial evidence to account for the diminution, there was no genuine issue of material fact concerning whether discharge should be denied. Consequently, the record was clear enough for Judge See to enter summary judgment against debtor. Therefore, even if some small irregularity could be found in the resolution of this case, it is harmless because there was no evidence to withstand summary judgment.

It is

ORDERED that the decision of the bankruptcy court is affirmed.

---

1. E.g., *Matter of Simone*, 68 B.R. 475 (Bkrtcy.W. D.Mo.1983); *Matter of Annis*, 96 B.R. 917, 923 (W.D.Mo.1988); *Matter of Borron*, 29 B.R. 122, 127 (Bkrtcy.W.D.Mo.1983); *Matter of DeGase*, 68 B.R. 504, 510 (Bkrtcy.W.D.Mo.1986).