LAY, Chief Judge.
Larry Higginbotham, the debtor in a Chapter 7 bankruptcy case, objects to a successor judge deciding his case based on the unfiled findings of fact and conclusions of law of the presiding judge, who died after trial but before issuing a final order. The district court[1] affirmed the successor judge’s decision and refused to order a new trial. 112 B.R. 315. We affirm; we hold that Higginbotham waived his right to a new trial.
Higginbotham filed for relief under Chapter 11 of the Bankruptcy Code in May, 1985. The case was converted to a Chapter 7 proceeding in June, 1988, and The Corner Stone Bank objected to Higginbotham’s discharge. The parties participated in discovery and the late Chief Bankruptcy Judge Dennis J. Stewart presided over a hearing on the merits on June 8, 1989. Judge Stewart thereafter made oral statements that the district court characterized as findings of fact and conclusions of law, but allowed Higginbotham ten days to submit documentary evidence establishing the reason for diminution of certain collateral. After the hearing, Judge Stewart prepared a draft of his findings of fact and conclusions of law.
Judge Stewart died on June 26, 1989. Bankruptcy Judge Karen See assumed administration of his cases, and on June 30 entered an order adopting Judge Stewart’s draft findings of fact and conclusions of law and entering judgment denying discharge. On July 10, Higginbotham filed a motion to vacate, alter, or amend Judge See’s order, which Judge See denied.
On appeal, Higginbotham argues that Judge See improperly decided the case without having presided over the proceedings. Bankruptcy Rule 9028 provides:
Rule 9028. Disability of a Judge If by reason of death, sickness or other disability, a judge before whom an involuntary petition or an adversary proceeding has been tried or a hearing conducted is unable to perform the duties to be performed by the court under these rules after a verdict is returned, or findings of fact and conclusions of law or a memorandum is filed, then any other judge regularly sitting in or assigned to the court in which the trial or hearing was conducted may perform those duties; but if the other judge is satisfied that he cannot perform those duties because he *1132 did not preside or for any other reason, he may in his discretion grant a new trial, (emphasis added)
Many federal courts have construed Fed. R.Civ.P. 63, which is identical to Bankruptcy Rule 9028,[2] to create a negative inference that absent a verdict or filed findings of fact and conclusions of law, a successor judge may not decide the case without a new trial. See, e.g., Townsend v. Gray Line Bus Co., 767 F.2d 11, 17-18 (1st Cir.1985); Whalen v. Ford Motor Credit Co., 684 F.2d 272, 278 (4th Cir.) (en banc), cert. denied, 459 U.S. 910, 103 S.Ct. 216, 74 L.Ed.2d 172 (1982); In re Schoenfield, 608 F.2d 930, 934 (2d Cir.1979) (dicta); Arrow-Hart, Inc. v. Philip Carey Co., 552 F.2d 711, 712-13 (6th Cir.1977); see also Comment, The Case of the Dead Judge: Fed.R. Civ.P. 63: Whalen v. Ford Motor Credit Co., 67 Minn.L.Rev. 827, 828-30 (1983).
To avoid a new trial under Rule 9028, the bankruptcy judge must have filed findings of fact and conclusions of law. Findings of fact and conclusions of law may be made orally under Fed.R.Civ.P. 52(a),[3] and courts have held oral findings and conclusions sufficient for the purposes of Fed.R.Civ.P. 63. See Rex Oil, Ltd. v. M/V Jacinth, 873 F.2d 82, 88 (5th Cir.1989) (original judge’s oral statement of findings of fact and conclusions of law constituted filing under Fed.R.Civ.P. 63), cert. denied, — U.S. -, 110 S.Ct. 836, 107 L.Ed.2d 832 (1990); Mesa Petroleum Co. v. Coniglio, 787 F.2d 1484, 1488 (11th Cir.1986) (successor judge could decide a case without new trial when prior judge already had drafted an order that he read aloud in court), cert. denied, 479 U.S. 1031, 107 S.Ct. 876, 93 L.Ed.2d 830 (1987).
Nevertheless, Rule 9028 is narrowly drafted to allow a subsequent judge to decide a case without a new trial only when the prior judge is clearly on record with a decision. If a successor judge is required to speculate about the prior judge’s intentions, a new trial is necessary to ensure that the litigants receive an informed and competent decision.
Judge Stewart explicitly requested additional information from Higginbotham, and we must assume the request was not a purposeless exercise. The judge must have believed that some additional evidence might change his decision. Further, Judge Stewart’s oral pronouncements in court were not characterized by him as findings of fact and conclusions of law. We thus conclude that Judge Stewart did not file his findings and conclusions, and consequently find Higginbotham had the right under Rule 9028 to object to Judge See deciding the case without conducting a new trial.
Higginbotham’s failure to object to Judge See’s procedure in deciding the case, however, raises the question of waiver of the right to object. In Townsend, the First Circuit found that a litigant waived the right to a new trial under Fed.R.Civ.P. 63 by failing to appear at a status conference and failing to respond to notice that the court would proceed under the existing record. Townsend, 767 F.2d at 18; see also Milbrew v. Commissioner, 710 F.2d 1302, 1308 (7th Cir.1983) (litigant waived right to object to successor judge deciding case on existing record by agreeing to the reassignment).[4]
Higginbotham made no objection to Judge See deciding the case. Instead, he *1133 made a motion asking Judge See to set aside her order until she ruled on two pending motions for extension of time to submit documentary evidence.[5] Seeking relief from the successor judge implies a willingness to accept that judge’s authority to decide the case. As the First Circuit stated in Townsend, Higginbotham “has no right to sit back and await decision of the case before objecting to the procedure.” Townsend, 767 F.2d at 18; accord Milbrew, 710 F.2d at 1308.
Consequently, we find Higginbotham waived his right to a new trial.[6] We affirm the district court’s order denying Higginbotham discharge in bankruptcy.

. The Honorable Judge Dean Whipple, United States District Judge for the Western District of Missouri.

. See Bankruptcy Rule 9028 advisory committee note (explaining that Rule 9028 was drawn from Fed.R.Civ.P. 63).

. Fed.R.Civ.P. 52(a) provides that "[i]t will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of evidence.”

. This circuit considered a waiver claim in St. Louis S.W. Ry. v. Henwood, 157 F.2d 337 (8th Cir.1946), cert. denied, 330 U.S. 836, 67 S.Ct. 965, 91 L.Ed. 1282 (1947). In Henwood, a bankruptcy case, the presiding judge died after trial and after closing arguments by all parties except the debtor. Id. at 340. The debtor claimed a right to a new trial in the first hearing after the successor judge was assigned. Id. Although the debtor participated in the proceedings under the new judge, the court held he did not waive his right to a new trial because “throughout the conference, he made clear his preference for a new trial.” Id. at 341. The court ultimately found the debtor not entitled to a new trial. Id. at 342. This decision predates Bankruptcy Rule 9028, and Fed.R.Civ.P. 63 does not apply to bankruptcy courts. See Fed.R.Civ.P. 81(a)(1).

. Judge See denied the motion to amend her order on July 26, the same day Higginbotham submitted some documentary evidence. This documentary evidence was submitted twelve days after the proposed extended deadline Higginbotham requested in his second motion for an extension of time.

. In light of Higginbotham’s waiver, we find it unnecessary to address other issues raised on appeal.