**In re The MUTUAL BENEFIT LIFE INSURANCE COMPANY IN RE-HABILITATION, Appellant,**

**v.**

**STANLEY STATION ASSOCIATES, L.P., Appellee.**

**In re STANLEY STATION ASSOCIATES, L.P., Debtor.**

**Bankruptcy No. 90–40324–11.**
**No. 92–4050–R.**

United States District Court, D. Kansas.

April 21, 1992.

Scott E. Wasserman, Lewis, Rice & Fingersh, Overland Park, Kan., and Cynthia F. Grimes, and Daniel D. Phillips, Lewis, Rice & Fingersh, Kansas City, Mo., for debtor.

Edward T. Bullard, Gage & Tucker, Overland Park, Kan., Stephen B. Sutton, Gage & Tucker, Kansas City, Mo., and Mark S. Lieberman, and David A. Golin, Rosenthal and Schanfield, P.C., Chicago, Ill., for appellant.

Cynthia F. Grimes and Daniel D. Phillips, Lewis, Rice & Fingersh, Kansas City, Mo., for appellee.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an interlocutory bankruptcy appeal which has been given expedited treatment by the court. The appellant is a creditor, The Mutual Benefit Life Insurance Company in Rehabilitation ("MBL"). The appellee is the debtor, Stanley Station Associates, L.P. ("Debtor"). The issues in this case primarily concern the timing provisions, under 11 U.S.C. § 362(e), for deciding a motion to lift stay.

■ Before reaching these issues, however, the court must address some points raised by debtor in a motion to dismiss. Debtor contends that this appeal should be dismissed because MBL failed to timely designate the notice of appeal as part of the record in this case. Debtor also argues that this appeal should be dismissed because local counsel did not sign the notice of appeal or note telephone numbers of counsel on the document. We agree with the response of MBL, that it would not be

in the interests of justice to dismiss this appeal on the basis of such technical matters. There is no issue as to the timeliness of the notice of appeal, and the notice of appeal has been made part of the record pursuant to a supplemental designation. Furthermore, out-of-state counsel for MBL has been permitted to proceed in this case both before the bankruptcy court and before this court when oral arguments were heard regarding MBL's motion for an expedited appeal. This court has not been hampered in our consideration of the issues in this appeal by any of the items raised in debtor's motion to dismiss. Nor do we believe that the broader interests of judicial administration mandate dismissal of this case pursuant to debtor's motion. Accordingly, we shall deny debtor's motion to dismiss.

In this appeal MBL argues that the bankruptcy court has failed to follow the provisions of 11 U.S.C. § 362(e) when acting upon MBL's motion to lift stay. Section 362(e) provides:

> (e) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be commenced not later than thirty days after the conclusion of such preliminary hearing.

MBL's motion to lift stay was filed on January 30, 1992. This was MBL's second motion to lift stay. On February 19, 1992, a docket call was conducted, at which time the bankruptcy judge entertained "thumbnail" arguments regarding the motion. No evidence was taken. At the end of the proceeding, a final hearing on the motion was set for March 6, 1992 over the objection of debtor's counsel, who had a scheduling conflict. MBL's counsel did not object to the March 6, 1992 setting. On February 27, 1992, the bankruptcy court issued two orders. One order continued the hearing scheduled for March 6, 1992 until April 22, 1992. Although the order indicates that the case would be called on March 6, 1992, the appearance of counsel was excused. This order also expressly made a finding that debtor had a reasonable likelihood of success at the final hearing. In a separate order, the bankruptcy court formally extended the automatic stay until a final order is issued on MBL's motion to lift stay.

MBL has filed this appeal from the two February 27, 1992 orders and asserts the following grounds for finding that the bankruptcy court has not followed § 362(e): 1) that the bankruptcy court did not conduct a preliminary hearing on February 19, 1992 and, consequently, the statutory requirement of holding a preliminary hearing within 30 days of the filing of the lift stay motion was not followed; 2) assuming that the February 19, 1992 hearing satisfied the requirements of the statute, there was an inadequate factual basis to continue the stay pending a final hearing; and 3) assuming the stay was properly continued past February 19, 1992, the bankruptcy court improperly scheduled the final hearing to commence more than thirty days after the end of the preliminary hearing.

Debtor disputes each of these contentions. In addition, debtor argues that, under Local Bankruptcy Rule 4001.1, MBL waived its right to enforce the time limits of § 362(e) by combining its motion to lift stay with a request for other relief not related to the lift stay motion or adequate protection. Finally, debtor contends that its due process rights would be deprived if the stay is terminated by this court.

After considering all of these issues, the court shall rule as follows.

■ MBL has not waived its right to compliance with the time limits of § 362(e). Local Bankruptcy Rule 4001.1 provides:

> A motion for stay relief may be combined with a request for adequate protection. The inclusion in the motion of a request for any other relief shall constitute a waiver of the thirty-day requirement of 11 U.S.C. § 362(e).

Debtor contends that in three areas MBL has requested relief that goes far beyond traditional stay relief and adequate protection. Debtor asserts: 1) by making allegations of fraud relating to debtor's loan transaction with MBL in 1985, MBL has requested relief from an earlier order of the Bankruptcy Court under Bankruptcy Rule 9024 and FED.R.CIV.P. 60(b); 2) by requesting the disgorging of management fees and leasing commissions, MBL has requested relief from earlier orders of the bankruptcy court under Bankruptcy Rule 9024 and FED.R.CIV.P. 60(b); and 3) by requesting a change in debtor's monthly operating report forms, MBL has requested relief which would require special consultation and approval by the United States Trustee's Office.

MBL's first motion for stay relief asserted that the fair market value of the property securing MBL's claim exceeded the amount owed to MBL, and that the value of the property was declining because of deferred maintenance and debtor's failure to pursue rent collection and new leases. The bankruptcy court denied the first motion for stay relief finding that the property had been maintained by the debtor and that there was no evidence of depreciation or decline in the value of the property. The bankruptcy court also directed: that certain accountings be made of rents collected and rent proceeds spent; that debtor had satisfied its burden of showing that the property is necessary for an effective reorganization; that debtor has the possibility of reorganizing; and that stay relief should be denied without prejudice to refiling based on facts that develop after November 19, 1990.

In MBL's second motion for stay relief, MBL alleged: that debtor filed false and misleading operating reports in 1991 regarding a lease to one of the tenants of the property and income received from the property; that debtor signed a lease termination agreement with regard to a tenant without seeking approval from the bankruptcy court; that the income received from the property has dropped significantly in 1991; that the fair market value of the property has decreased "precipitously in the last 14 months;" and that debtor has not paid any real estate taxes since before the filing of the bankruptcy.

Since this is the second motion for relief from stay filed by MBL, it could be considered a motion under Bankruptcy Rule 9024. This rule incorporates FED. R.CIV.P. 60, with certain exceptions. However, § 362(e) does not limit its application to the first motion for stay relief which is filed. Nor do we believe Local Rule 4001.1 was intended to bar second motions for stay relief because they could conceivably be categorized as a motion under Rule 60(b) alleging newly discovered evidence or fraud. MBL's motion appears to relate new circumstances which were not considered with the first motion for stay relief. As such, the motion does not ask for modification or reconsideration of the original order denying stay relief as much as it asks for stay relief on new grounds. Therefore, we do not believe MBL waived its right to enforcement of the § 362(e) time limits by incorporating arguments which might be considered requests for relief under Bankruptcy Rule 9024 and FED.R.CIV.P. 60(b). In addition, we believe the request by MBL for "[t]imely filing of proper monthly operating reports, including amended reports to correct past deficiencies" falls within the ambit of adequate protection, and therefore does not trigger the waiver provisions of Local Rule 4001.1.

In summary, for the above-stated reasons, we hold that MBL has not waived its right to the enforcement of the time limits of § 362(e).

■ We further hold that the February 19, 1992 "summary docket" hearing satisfied the statutory requirement for a preliminary hearing under § 362(e). Section 362(e) requires that the automatic stay terminate unless "after notice and a hearing" the court decides, within thirty days of the filing of the motion to lift stay, that the stay should continue in effect pending the conclusion of a final hearing. MBL was notified that the motion to lift stay would be considered in a summary docket proceeding and that "if parties anticipate the hearing to extend beyond 15–20 minutes, a special setting should be sought." Counsel for MBL apparently made no effort to obtain a special setting. During the hearing, counsel for both sides were permitted to elaborate upon their positions and discuss what the evidence would show if evidence were presented. Finally, at the close of the hearing the court stated, without objection from counsel for MBL, that it was "going to treat this as a preliminary hearing under 362(e) and set the matter for final hearing on March the 6th at 9 a.m."

■ We believe MBL waived its right to appeal the form of the preliminary hearing by failing to object at the hearing. See *Higginbotham v. Corner Stone Bank*, 112 B.R. 315 (W.D.Mo.1990) *aff'd, In re Higginbotham*, 917 F.2d 1130 (8th Cir. 1990). But, even if there was no waiver, the court would uphold the form of the hearing in this instance. Under the Bankruptcy Code, " 'after notice and a hearing' ... (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances ..." 11 U.S.C. § 102(1). As MBL notes in its brief, the time limits set forth in § 362(e) are designed to expedite the resolution of motions to lift stay. It was expeditious, but not unfair or improper, to conduct a nonevidentiary preliminary hearing upon MBL's lift stay motion. See *In re Wilmette Partners*, 34 B.R. 958, 961 (Bankr. N.D.Ill.1983); 2 *Collier on Bankruptcy* ¶ 362.08 at 362–73 (15th ed. 1991). The bankruptcy court listened to the arguments of both sides and considered the pleadings of the parties. There was also a prior lift stay motion and other proceedings which provided the court with relevant background information for consideration. Under these circumstances, we find that the bankruptcy court conducted a proper preliminary hearing upon MBL's lift stay motion.

■ We also find that the bankruptcy court's findings in support of the continuation of the stay pending the final hearing upon the lift stay motion were not clearly erroneous. At the conclusion of the preliminary hearing, the bankruptcy court specifically found that the stay would continue in effect pending the final hearing. We can assume from this that the court had determined that there was a reasonable likelihood that the debtor would prevail at the conclusion of the final hearing. The validity of this assumption is confirmed by the bankruptcy court's explicit finding in its February 27, 1992 order continuing the March 6, 1992 final hearing to April 22, 1992.

MBL's argument regarding the sufficiency of support for the bankruptcy court's finding ties into MBL's claim regarding the procedural adequacy of the preliminary hearing. MBL objects to the bankruptcy court's finding because there was no evidence to support it. But, no evidence of any kind was allowed at the hearing. We reiterate our belief that a non-evidentiary hearing was appropriate under the circumstances. We further find the arguments of counsel, which we have considered on appeal, provide adequate support for the bankruptcy court's finding that there was a reasonable likelihood that debtor would prevail at the final hearing. So, we reject MBL's contention that the bankruptcy court lacked a sufficient basis for continuing the stay in effect pending a final hearing.

■ We agree with MBL, however, that the bankruptcy court improperly scheduled the final hearing on the lift stay motion to commence more than 30 days after the preliminary hearing. Section 362(e) requires that the final hearing on the lift stay motion commence within 30 days after the

preliminary hearing. The final hearing was initially scheduled for March 6, 1992. Then, the bankruptcy court issued an order on February 27, 1992 which stated:

> The final hearing scheduled for March 6, 1992 will be called by the Court but will be continued to a final hearing on April 22, 1992 at 9:00 a.m. Counsel are advised that they need not appear at the call of the case on March 6, 1992.

The bankruptcy court stated the continuance was necessitated because: its schedule had been disrupted by the moving of its chambers and courtroom to a new location; there was an upcoming regional bankruptcy conference which required preparation; and, it had busy dockets in Wichita and Topeka.

While these are good reasons to continue a hearing, they cannot satisfy the command of § 362(e) that the "final hearing shall be commenced not later than thirty days after the conclusion of the preliminary hearing." This language is mandatory and does not permit exceptions. Nor do we believe that the calling of the case on March 6, 1992 can constitute the commencement of the final hearing. The goal of Congress in passing the time limits of § 362(e) was to eliminate "injunction by continuance." *In re Looney*, 823 F.2d 788, 792 (4th Cir.1987). But, there is no longer a time limit for concluding a final hearing after it is commenced. This time limit, which was incorporated in Bankruptcy Rule 4001, has been deleted as unnecessary. If the goal of § 362(e) is to be met, then calling a case and continuing it without hearing evidence or argument from counsel cannot constitute the commencement of the final hearing upon a lift stay motion. Otherwise, injunction by continuance would be too easily achieved.[1] For this reason, we find that the bankruptcy court failed to hold a final hearing within 30 days of the preliminary hearing and, consequently, the automatic stay has terminated.

 Finally, debtor contends that this holding violates debtor's constitutional right to due process. We disagree. Debtor had adequate notice of the scheduling of the final hearing and of the provisions of § 362(e). Debtor did not object to the continuance of the final hearing. Indeed, debtor promoted the continuance. For these reasons, this case is distinguishable from the case cited by debtor for its constitutional argument, *In re Clark*, 69 B.R. 885 (Bankr.E.D.Pa.1987). In addition, we concur with the authorities cited by debtor which hold that plaintiff may apply for injunctive relief under 11 U.S.C. § 105(a). E.g., *In re Wedgewood Realty Group, Ltd.*, 878 F.2d 693 (3d Cir.1989). Accordingly, we find no unfairness or due process violation in ordering that the automatic stay has terminated because of the failure of the bankruptcy court to commence a final hearing upon MBL's lift stay motion within 30 days of the preliminary hearing.

In conclusion, debtor's motion to dismiss is denied. The order of the bankruptcy court continuing the bankruptcy stay against MBL is reversed, and the stay is terminated until further order of the Bankruptcy Court. While our ruling terminating the stay may appear as "technical" as debtor's motion to dismiss, particularly in light of the timing of the ruling and the availability of alternative injunctive relief, we believe the broad interests behind the time limits of § 362(e) justify the court's ruling in this instance. The court directs that the Clerk transmit copies of this order to the Clerk of the Bankruptcy Court.

IT IS SO ORDERED.

---

1. In cases involving statutes which admittedly are far afield from bankruptcy, other courts have found that a hearing cannot commence without the appearance of counsel and the presentation of evidence or argument. *In re Con-* *servancy District No. 5*, 471 P.2d 879 (Okla. 1970); *Bridges v. Board of Fire and Police Commissioners*, 83 Ill.App.3d 190, 38 Ill.Dec. 608, 611–12, 403 N.E.2d 1062, 1065–66 (1980).