39 F.3d 1184
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Elmo McMILLION, Appellant,
v.
Thomas David CARRUTH, Individually and in his Official
Capacity as Deputy Prosecuting Attorney, Monroe County,
First Judicial District, State of Arkansas; Henry
Wilkinson, Individually and in his Official Capacity as
Circuit Judge, First Judicial District, State of Arkansas;
Merlen Watson; Earnest Franklin; Larry Morris,
Individually and in their Official Capacity as Sheriff of
Monroe County, Arkansas; John Does, Individually and in
their Official Capacities as Deputies of Monroe County,
Arkansas, Appellees.
 No. 94-2117.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 2, 1994.
Filed: November 7, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elmo McMillion appeals from the district court's[1] dismissal of his civil rights action. We affirm.
 
 
 2
 McMillion filed an in forma pauperis complaint alleging that defendants-plaintiffs in a state court action against McMillion, their counsel, and the state court judge who issued an arrest warrant for McMillion-violated his rights as follows: (1) the plaintiffs and their counsel failed to comply with state foreclosure laws prior to suing him; (2) the state court judge failed to disqualify plaintiff's counsel, despite a conflict of interest; (3) the state court judge lacked jurisdiction to issue the warrant because McMillion had removed the case to federal court; and (4) the warrant was issued to retaliate against him for exercising his constitutional rights.
 
 
 3
 We affirm the district court's dismissal under 28 U.S.C. Sec. 1915(d); Gentile v. Missouri Dep't of Corr. & Human Resources, 986 F.2d 214, 217 (8th Cir. 1993). The only arguable constitutional violation McMillion alleges is that the warrant was issued in retaliation for the exercise of his constitutional rights. However, he fails to specify what these constitutional rights are, or to allege any facts in support of this allegation. Therefore, McMillion's complaint is frivolous as it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We do not address McMillion's argument that the reassignment of his case to Judge Roy was improper, because McMillion failed to object below. See Higginbotham v. Corner Stone Bank, 917 F.2d 1130, 1132-33 (8th Cir. 1990).
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern District of Arkansas