In re Usha K. SCHAFFRATH, Debtor.

BAP No. 97–8022.

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Argued Oct. 1, 1997.

Decided Nov. 12, 1997.

Thomas Musarra, Mentzer, Vuillemin & Mygrant, Ltd., Akron, OH, argued on brief for Appellee.

Kurt A. Schaffrath, Medina, OH, argued on brief for Appellant.

Before: LUNDIN, STOSBERG, and WALDRON, Bankruptcy Appellate Panel Judges.

## OPINION

Kurt A. Schaffrath, the Debtor's husband and the codebtor in this case, appeals the bankruptcy court's order granting relief from the codebtor stay. We AFFIRM.

## I. ISSUE ON APPEAL

Whether the bankruptcy court erred in granting relief from the codebtor stay to the appellee, Firestone, a secured creditor?

## II. JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Northern District of Ohio authorized appeals to the Bankruptcy Appellate Panel of the Sixth Circuit. No party to this appeal elected to opt out of review by the BAP.

The BAP has jurisdiction to hear the appeal of a final order of the bankruptcy court. 28 U.S.C. § 158(a); Fed.R.Bankr.P. 8001(a). A final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989). Grants and denials of motions for relief from the automatic stay are final, appealable orders. *See FDIC v. Niagara Mohawk Power Corp. (In re Megan–Racine Assocs., Inc.),* 102 F.3d 671, 675 (2d Cir.1996). Likewise, the grant of relief from the codebtor stay of 11 U.S.C. § 1301 is a final, appealable order.

The BAP reviews the bankruptcy court's conclusions of law *de novo. Corzin v. Fordu (In re Fordu),* 209 B.R. 854, 857 (6th Cir. BAP 1997). Under the *de novo* standard, the BAP determines questions of law independent of the trial court's determination. *Id.*

## III. FACTS

Usha Schaffrath filed a Chapter 7 petition on September 12, 1995. On August 9, 1996, the Debtor converted the case to Chapter 13. Firestone Office Federal Credit Union ("Firestone") asserted a claim against the Debtor for $26,798.30 upon which Kurt A. Schaffrath (the "Codebtor") was also liable. On November 4, 1996, Firestone filed a motion for relief from the codebtor stay of 11 U.S.C. § 1301(a) to pursue collection from Kurt Schaffrath, the Debtor's husband. Firestone sought relief from the codebtor

stay on the basis that the Debtor's treatment of Firestone's claim would leave a deficiency of $16,865.06. Although the Codebtor quibbled about the exact amount of Firestone's claim, at no time did he assert that the Debtor's plan would satisfy Firestone's claim in full.

Judge Harold White conducted a hearing, in which the Codebtor participated, and ruled from the bench that Firestone could pursue a deficiency claim but could not repossess the vehicles securing the claim so long as the Debtor made payments pursuant to the plan. On February 21, 1997, Judge Marilyn Shea–Stonum, the judge to whom the case was assigned, entered an order granting relief from the codebtor stay and stated that it was "in accordance with this Court's oral decision rendered at that hearing which incorporated findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, ..." *In re Schaffrath,* Case No. 95–51589, slip op. at 1 (Bankr.N.D.Ohio Feb. 21, 1997). The order mirrored Judge White's ruling from the bench. In the order, the bankruptcy court cited no specific subparagraph of § 1301(c) as grounds for the ruling.

## IV. DISCUSSION

### The Bankruptcy Court Properly Granted Firestone Relief Under 11 U.S.C. § 1301(c).

■ Section 1301 extends to most codebtors protection from the "commence[ment] or continu[ation] [of] any civil action, to collect all or any part of a consumer debt ..." Section 1301(c) provides three alternative grounds for relief from the codebtor stay:

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by continuation of such stay.

11 U.S.C. § 1301(c).

It is undisputed that the plan filed by this Debtor does not propose to pay the entire claim of Firestone. 11 U.S.C. § 1301(c) is mandatory, stating that the court *shall* grant relief from the stay when one of the three enumerated subsections applies. The bankruptcy court appropriately granted Firestone relief from the codebtor stay.

### Bankruptcy Court Procedures Allowed Codebtor Due Process.

■ The Codebtor argues that procedural flaws in the bankruptcy court violated his due process rights. The docket sheet reveals the reassignment of this case from Judge White to Judge Shea–Stonum after its conversion from Chapter 7 to Chapter 13. This reassignment may explain the entry of the order for relief from the codebtor stay by Judge Shea–Stonum after a hearing conducted by Judge White.

The Codebtor did not object to the procedure in the bankruptcy court. He received notice of a hearing and participated in a hearing. If the Codebtor believed that the procedure affected his rights, his remedy was to request another hearing before Judge Shea–Stonum. The Codebtor cannot argue for the first time on appeal that he was denied a new hearing by the bankruptcy court when he never requested such a hearing. *See Higginbotham v. Corner Stone Bank (In re Higginbotham),* 112 B.R. 315 (W.D.Mo.), *aff'd,* 917 F.2d 1130 (8th Cir. 1990).

■ More importantly, the unusual procedure in the bankruptcy court did not prejudice any due process right of the Codebtor, who cannot escape an outcome determinative fact—that the Debtor's plan does not propose to pay Firestone's claim in full. This fact was uncontested in the bankruptcy court, correctly found by the bankruptcy court, and not affected by any procedure in the bankruptcy court. Judge Shea–Stonum's order for relief from the codebtor stay recites her consideration of the record, of the parties' arguments, and the uncontroverted facts that

required relief from the codebtor stay. Common sense tells us that remanding this case would offer no remedy to the Codebtor.

## V. CONCLUSION

The bankruptcy court acted properly in granting relief and that order is appropriately **AFFIRMED**.