*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 07b0008n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: DEMETRIOUS YADIRF SMITH and AMY KATHLEEN SMITH, <br>     Debtors. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) |
| DEMETRIOUS YADIRF SMITH and AMY KATHLEEN SMITH, <br>     Appellants, <br><br>     v. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., c/o CHASE HOME FINANCE LLC, successor by merger to CHASE MANHATTAN MORTGAGE CORPORATION, <br>     Appellee. <br> _____ | ) <br> ) <br> )    No. 06-8077 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Western Division, at Cincinnati.
No. 04-10066.

Submitted: May 2, 2007

Decided and Filed: July 10, 2007

Before: LATTA, PARSONS, and SCOTT, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Nelson Marlin Reid, Justin W. Ristau, BRICKER & ECKLER, Columbus, Ohio, for
Appellee. Demetrious Yadirf Smith, Amy K. Smith, Cincinnati, Ohio, pro se.

---

**OPINION**

---

JOSEPH M. SCOTT, JR., Bankruptcy Appellate Panel Judge. The *pro se* debtors ("Debtors") appeal the bankruptcy court's order denying their motion to reimpose the automatic stay.

## I. ISSUES ON APPEAL

Although the Debtors assert a plethora of issues, the narrow issue on appeal is whether the bankruptcy court erred in denying their motion to reimpose the automatic stay.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to hear and decide this appeal. 28 U.S.C. § 158(b)(1). The United States District Court for the Southern District of Ohio has authorized appeals to the BAP, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). "Grants and denials of motions for relief from the automatic stay are final, appealable orders." *In re Schaffrath*, 214 B.R. 153, 154 (B.A.P. 6th Cir. 1997). It follows that an order denying a motion for reimposition of the automatic stay is a final, appealable order.

Concluding that the Debtors were proceeding under Federal Rule of Civil Procedure 60(b)(6), the bankruptcy court denied their request for reimposition of the automatic stay. *See* Fed. R. Bankr. P. 9024. A denial of relief under Rule 60(b) is reviewable for abuse of discretion. *Geberegeorgis v. Gammarino (In re Geberegeorgis)*, 310 B.R. 61 (B.A.P. 6th Cir. 2004); *Bank One, N.A. v. Bever (In re Bever)*, 300 B.R. 262 (B.A.P. 6th Cir. 2003). Likewise, a decision to lift the automatic stay is reviewed for abuse of discretion. *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir.

1986). "An abuse of discretion occurs only when the trial court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Volvo Commercial Fin. LLC the Americas v. Gasel Transp. Lines, Inc. (In re Gasel Transp. Lines, Inc.)*, 326 B.R. 683, 685 (B.A.P. 6th Cir. 2005) (citation omitted). Findings of fact are reviewed under the clearly erroneous standard. Fed. R. Bankr. P. 8013. "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Badalyan v. Holub (In re Badalyan)* 236 B.R. 633, 635 (B.A.P. 6th Cir. 1999) (citation omitted). Conclusions of law are reviewed *de novo*. "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *Id.* "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Mayor and City Counsel of Baltimore, Md. v. W. Va. (In re Eagle-Picher Indus., Inc.)*, 285 F.3d 522, 529 (6th Cir. 2002) (citations omitted).

## III.   FACTS

The Debtors obtained confirmation of their chapter 13 plan providing for surrender of "real estate at 5555 Ehrling [Road, Cincinnati, Ohio] . . . to Chase Mortgage . . . ." (Trustee's App. at 6.) Consistent with the plan, the bankruptcy court granted to Chase Manhattan Mortgage Corporation, the predecessor to the Appellee herein, relief from the automatic stay by order entered October 4, 2004. Almost two years later, after obtaining new counsel, the Debtors filed a motion to reimpose the automatic stay concerning the Ehrling Road property. The Debtors contended that the stay should be reimposed because "there was no determination at the time of lifting the stay whether this property was critical to the purposes of the Debtors' Chapter 13 Plan *as confirmed*." According to the Debtors, "recent discovery on the Debtors' part indicates that Chase Manhattan Mortgage Corporation's claim was based on a highly inflated appraisal value on 'flipped' property and Debtors were victims of a predatory lending scheme." The Debtors additionally argued that the bankruptcy court should have held a hearing prior to granting stay relief, in order to determine whether the matter would constitute a core proceeding and to determine the validity of the Appellee's lien.

On September 20, 2006, the bankruptcy court entered an order denying the Debtors' motion to reimpose the automatic stay.[1]  The bankruptcy court concluded that the Debtors were proceeding under Federal Rule of Civil Procedure 60(b)(6), the "catch-all" provision; that because the automatic stay had been lifted almost two years prior, the Debtors' motion was untimely and reinstating the stay would be prejudicial to the creditor; that although the Debtors had suggested but had not provided the court with newly discovered evidence which might allow for relief under Rule 60(b)(2) from the order lifting the automatic stay, a motion for relief under subsection (b)(2) of the rule must be filed within one year of the judgment; that although the Debtors had a right to a hearing on the motion for relief from stay provided they had filed a responsive pleading, they did not respond to the motion and a default judgment was entered; that while the Debtors had never filed a motion requesting determination that the foreclosure action was a core proceeding, motions to terminate the automatic stay are expressly core proceedings pursuant to 28 U.S.C. § 157(b)(2)(G); and that the Debtors did not serve their motion to reimpose the automatic stay on the correct counsel for the creditor.

The Debtors, *pro se*, timely appealed the bankruptcy court's order on September 29, 2006.

## IV.    DISCUSSION

Relief from Judgment or Order

Federal Rule of Civil Procedure 60 provides that a court may relieve a party from a final judgment or order under certain circumstances.  *See* Fed. R. Bankr. P. 9024 (generally applying Rule 60 to cases under the Bankruptcy Code).  Appropriate here are the provisions under subsections (b)(2), "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," and (b)(6), "any other reason justifying relief from the operation of the judgment," commonly known as the "catch-all" provision.  The rule states that such a motion must be made "within a reasonable time" and that if the motion is brought under subsection (b)(2), it must be made not more than one year after the judgment or order was entered.  Whether

---

[1] Although only an incomplete copy of the order is offered by the Debtors as Exhibit 2 of their Appendix, the record on appeal, and therefore the record reviewed by this Panel, includes the order in its entirety.  *See* Fed. R. Bankr. P. 8006 (stating that the record on appeal includes the order appealed from).

a Rule 60 motion is filed "within a reasonable time" is "dependent upon the facts in a case, including length and circumstances of delay in filing, prejudice to opposing party by reason of the delay, and circumstances warranting equitable relief." *Ruehle v. Educ. Credit Mgmt. Corp. (In re Ruehle)*, 307 B.R. 28, 33 (B.A.P. 6th Cir. 2004), *aff'd* 412 F.3d 679 (6th Cir. 2005).

The Debtors' motion was filed nearly two years after entry of the order granting the Appellee relief from the automatic stay and the Debtors have offered no explanation for the delay. As the bankruptcy court observed, the Debtors' motion to reimpose the automatic stay was untimely and reimposition of the automatic stay would have been prejudicial to the Appellee.

The Debtors assert that they have only recently discovered that the Appellee's claim was based on a highly inflated appraisal value and that they were the victims of a predatory lending scheme. The Debtors fail to articulate, however, why such evidence would have provided a basis in the first instance for denying stay relief or why it is a basis for reimposing the stay at this juncture. Moreover, as noted by the bankruptcy court, the Debtors do not indicate in the motion when they obtained the new evidence and why they were unable to comply with Rule 60's requirement that motions based on newly discovered evidence be filed within one year of the order.

The essence of the Debtors' motion is that because they have said from the beginning of their bankruptcy case that they were victims of a flipping scheme, the bankruptcy court should have conducted a hearing to determine the validity of the Appellee's claim before lifting the stay. If the Debtors have asserted from the beginning of their bankruptcy case that they were victims of a flipping scheme, this allegation is not new and cannot provide grounds for relief from the prior order. In addition, the Debtors do not deny that they did not respond to the motion to lift the automatic stay on the Ehrling Road property, and they do not contest the appropriateness or validity of the default judgment that granted relief to the Appellee.

In their motion, the Debtors additionally argued that the bankruptcy court should have determined whether foreclosure on the property was a core or non-core proceeding. There is no

indication that the Debtors at any time asked the bankruptcy court for such a determination, and motions for relief from the automatic stay are expressly core proceedings. 28 U.S.C. § 157(b)(2)(G).

As for the Debtors' argument to this Panel that the bankruptcy court should have scheduled a hearing on their motion to reimpose the stay, the Debtors did not notice their motion for hearing, *see* 11 U.S.C. § 102(1)(B)(i); the Appellee did not request a hearing on the motion, *see* Fed. R. Bankr. P. 9014(a); and the phrases "the court shall hold a hearing" and "after notice and a hearing" are distinguishable, *see* 11 U.S.C. § 102(1).

Lastly, the bankruptcy court observed that the Debtors had failed to serve their motion to reinstate the automatic stay on the correct counsel for the creditor. Indeed, the record before the Panel reflects that the Debtors' motion was served on Bricker & Eckler, of Columbus, Ohio, but the default order granting relief from the automatic stay on the Ehrling Road property was served on Shapiro & Felty, LLP, of Cleveland, Ohio. In summary, clearly the bankruptcy court did not abuse its discretion in denying the Debtors' motion to reimpose the automatic stay.

Relief from the Automatic Stay

The October, 2004 order granting the Appellee's request for relief from the automatic stay on the Ehrling Road property was not appealed and, therefore, is final on the issue of whether that grant of relief was proper. Even so, the following observations are made.

The Debtors argue that they had no equity in the Ehrling Road property because the sale price was inflated, which was caused by their being "victims of a predatory lending scheme." Regardless, they never responded to the Appellee's motion for relief from the automatic stay. The order granting the requested relief was entered by default, and pursuant to local bankruptcy rules. Furthermore, the order granting the relief requested by the Appellee was not appealed. The Debtors had legal counsel of record at the time and were served with the default order as well as, according to the order, the originating motion. As previously mentioned, nearly two years passed after the default order was entered before the motion to reinstate the automatic stay was filed by other counsel for the Debtors.

In addition, a proceeding to determine the validity, priority, or extent of a lien in real property must be brought by adversary proceeding. Fed. R. Bankr. P. 7001(2). The Debtors never filed an adversary proceeding to determine the validity of the Appellee's lien in the Ehrling Road property. A motion for relief from the automatic stay can be ruled upon by a bankruptcy court without a hearing if "opportunity" for a hearing is given the party against whom the relief is sought. *See* Fed. R. Bankr. P. 4001(a) and Fed. R. Bankr. P. 9014(a). The default order states that the Debtors did not file a responsive pleading. Furthermore, the local rules of the bankruptcy court provide that a motion for relief can be ruled upon without a hearing and a default judgment entered if the motion is unopposed. *See* LBR 4001-1(d), LBR 9013-1(d), and LBR 9021-1(1)(a). *See also* Fed. R. Bankr. P. 9029 (recognizing the authority of bankruptcy courts to make rules regarding the practice of cases in their courts) and Fed. R. Civ. P. 55 (stating that judgment by default can be entered where the relief sought is unopposed.) The Debtors do not deny that they failed to respond to the motion for relief from the automatic stay. They do not contest the appropriateness or validity of the default order, now, and they did not pursue an appeal of that order when it was entered.

Other Issues

The Debtors have asserted a multitude of issues, including a real estate tax dispute, attorney malpractice, mortgage fraud, racial prejudice, RICO conspiracy, and conflict of interest by the chapter 13 trustee and the bankruptcy court. Nevertheless, the order appealed from is denial of their motion to reimpose the automatic stay on the Ehrling Road property. Therefore, the only issue which the Panel can consider is whether the bankruptcy court abused its discretion in denying their motion. *See Pearson v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.*, 99 F.App'x 46, 51 (6th Cir. 2004) (holding that appellate court does not have jurisdiction to consider issues other than what is specified in the order appealed from). Additionally, this is not the proper forum for examination of the other issues raised. Although the Debtors state in their Amended Appellant Reply Brief that this appeal is their "Message in a Bottle" concerning other issues, it is neither proper nor appropriate for the Panel to address any issue other than that of whether the bankruptcy court abused its discretion in denying the Debtors' motion to reimpose the automatic stay on the Ehrling Road property.

## V. CONCLUSION

For the foregoing reasons, the order of the bankruptcy court refusing to reimpose the automatic stay is AFFIRMED.