In re BELL & BECKWITH, Debtor.

Patrick A. McGRAW, Trustee, Plaintiff,

v.

J. Robert JESIONOWSKI, Defendant.

Bankruptcy No. 83–0704.
Related Case: 83–0132.

United States Bankruptcy Court,
N.D. Ohio, W.D.

July 10, 1986.

See also, Bkrtcy., 39 B.R. 914, Bkrtcy., 64 B.R. 620.

Fuller & Henry, Toledo, Ohio, for plaintiff.

James A. Hofelich, Jesionowski, Tood, Betz, Coon, McGhee, Thompson & Henninger, Cleveland, Ohio, for defendant.

G. Christopher Joseph, Toledo, Ohio, for defendant Darah.

Edward F. Zoltanski, Toledo, Ohio, for defendant Betz.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion For Relief From Injunction filed by Roscoe R. Betz, Jr. (hereinafter Betz). The Court conducted a Hearing on this Motion, at which the parties agreed that the issues addressed by the Motion are primarily issues of law. They also agreed that the Court may dispositively rule on the Motion based solely upon the written arguments of counsel. The parties have submitted such arguments and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion should be DENIED.

## FACTS

The facts relevant to this Motion, though detailed, do not appear to be in dispute. The Debtor in the underlying bankruptcy proceeding is a stock brokerage in which Betz was a general partner. At some time prior to the initiation of liquidation proceedings, the father of one Richard Hamilton (hereinafter Hamilton), who was also a general partner in the partnership, resigned his partnership interest. In return for that interest, the Debtor issued to Hamilton's father a promissory note equal in value to the value of his interest in the enterprise. Although the manner of the transfer is unclear, it appears that Hamilton has become the beneficiary of the Debtor's note.

As the result of fraudulent activities conducted by the Debtor's managing partner, liquidation proceedings were commenced against the Debtor in February of 1983 under the provisions of 15 U.S.C. Section 78aaa *et seq.* Subsequent to the commencement of that action, Betz and several other general partners filed an action in the United States District Court for the Northern District of Ohio, Western Division against the accounting firms which audited

the Debtor in the years preceding the liquidation. In that proceeding, they assert causes of action against the accounting firms which are based, in part, upon the accountant's alleged negligence in the performance of those audits. In response to the filing of that case, the Trustee in the underlying proceeding filed the action which is presently before the Court. In this action, the Trustee sought an injunction against the Plaintiffs enjoining further prosecution of their · action in District Court. As a basis for the injunction, the Trustee alleged that the causes of action set forth in the partner's Complaint were property of the Debtor's estate which could not be prosecuted or pursued by any party other than a representative of the estate. Negotiations between the parties in the present action resulted in an agreement, whereby the partners consented to a voluntary stay of their District Court case.

As part of the liquidation proceedings, the Trustee has initiated actions against one of the accounting firms that audited the Debtor prior to its demise. He has also reached a settlement with the second firm, thereby foregoing the necessity of litigation. In the action that was filed, the Trustee has asserted, on behalf of the Debtor's estate, causes of action which address the alleged failure of the accountants to properly conduct the audits. It should be noted that the causes set forth in the Trustee's Complaint address substantially the same conduct which is set forth in the partners' case.

In a Hearing which was conducted for the purpose of assessing the settlement agreement reached between the Trustee and the second accounting firm, the issue arose as to whether or not the proposed settlement would foreclose any actions that might eventually accrue to the partners against the accountants. In the Opinion of this Court which approved the settlement, *In re Bell & Beckwith,* 50 B.R. 422 (Bkcy. N.D.Ohio 1985), this Court recognized that while the Trustee was the only party entitled to prosecute actions against the accountants which arise as the result of the Debtor's relationship with the accountants,

there may be causes of action available to the partners against the accountants which would not interfere with those belonging to the Debtor's estate. Those causes might include recovery for losses sustained by the partners from their partnership liability to the Trustee under 11 U.S.C. Section 723. However, the Court noted that any such causes may be premature, inasmuch as the certainty of damages had not yet been ascertained.

On June 15, 1984, Betz filed a voluntary Chapter 11 Petition with this Court. In the schedules which accompany that Petition, Betz lists the obligations that are or may be owed to the Debtor-brokerage. In response to that filing, Hamilton filed a Complaint To Determine Dischargeability of Debt. That case seeks a determination of dischargeability as to the debt owed by the Debtor-brokerage to Hamilton. Specifically, the Complaint seeks to impute to Betz the responsibility for the issuance of false financial statements by the brokerage, statements which he knew or should have known were inaccurate. The Complaint also alleges that Hamilton relied on the financial statements in renewing the terms of the note, and that this reliance was induced by Betz's fraudulent and larcenous use of the brokerage's annual reports.

In defending against Hamilton's dischargeability action, Betz has moved this Court to allow him to join, as third party defendants, the accounting firms which audited the brokerage. Concomitant with that Motion, Betz has filed the Motion which is presently before the Court. That Motion seeks relief from the negotiated injunction which enjoins further prosecution of the action against the accounting firms filed by the partners in District Court. In support of this Motion, Betz argues that the inclusion of the accountants in the dischargeability action is necessary to determine the requisite liability for the issuance of the erroneous financial statements. The Trustee opposes the Motion, arguing that such litigation would effectively duplicate the litigation already initiated by the estate. He also argues that

relief from the injunction is not necessary, inasmuch as Betz may pursue any causes of action which arise solely as to him without dissolving the injunction.

## LAW

■ The provisions of 11 U.S.C. Section 541(a) state in pertinent part:

(a) The commencement of a case under ... this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held ... all legal or equitable interests of the debtor in property as of the commencement of the case.

Under these provisions, any cause of action which has accrued to the Debtor as of the filing of the petition is property of the estate and may only be prosecuted on behalf of the estate. *See, Miller v. Shallowford Community Hosp., Inc.,* 767 F.2d 1556 (11th Cir.1985), *In re Bell & Beckwith,* 50 B.R. 422 (N.D.Ohio 1985).

■ In the present case, a review of the Complaint filed by the partners against the accounting firms in District Court finds that the causes set forth therein address the alleged negligence of the accountants in the performance of their audits. The recovery sought in that action is on behalf of the brokerage's customers and the partners of the brokerage. However, the right to recover on behalf of the partners and the customers arises from the fact that those entities had claims against the brokerage. While there may arise causes of action as a result of the indirect nexus between these parties and the accountants, the intervention of liquidation proceedings under Titles 15 and 11 requires that such claims be asserted against the estate of that brokerage. They cannot directly assert, in their own capacity, claims against the entity which damaged the brokerage, for to do so would be to circumvent the existence of the bankruptcy estate. It would also jeopardize the ability of the Trustee to pursue assets of the Debtor and make an equitable distribution of those assets among all the Debtor's creditors. Since the voluntarily imposed injunction protects those causes which belong to the estate, and since the Trustee's prosecution of those causes will work to the benefit of all creditors, this Court must conclude that the injunction should not be rescinded for the purposes set forth in the Motion.

■ Although Betz may be foreclosed from prosecuting the Complaint filed in the District Court, this does not necessarily preclude him from joining the accounting firms in his dischargeability action. As was suggested in the prior Opinion of this Court, Betz may have causes of action against the accounting firms which arise solely as to him in his individual capacity, and not as a result of any debtor-creditor relationship which exists between himself and the brokerage. Such actions have not been stayed in this or any other proceedings which has thus far been initiated. If Betz believes that those causes have sufficiently matured so as to warrant the filing of a Complaint, then he may move this Court for permission to join the accounting firms in his adversary action. However, should he choose to do so, he must be cautious so as not to impinge, jeopardize, or assert any cause which befalls to the benefit of the brokerage's estate.

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion For Relief From Injunction be, and is hereby, DENIED.