**116**

In re James A. RYDER, Sr., Debtor.

Gui L.P. GOVAERT, Trustee, Plaintiff,

v.

LANDMARK BANK, and James A. Ryder, Sr., Defendants.

Bankruptcy No. 86–00028–BKC–SMW.
Adv. No. 87–0119–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

May 4, 1987.

D. Jean Ryan, Miami, Fla., for trustee.

Gui L.P. Govaert, Miami, Fla., trustee.

Patrick Barry, Ft. Lauderdale, Fla., for Bank.

Robert E. Venney, Miami, Fla., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on March 31, 1987, upon the Trustee's Complaint for Declaratory Relief to Determine Validity, Extent, and Priority of Interest, and the Court having examined the evidence presented, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

On December 31, 1981, Jartran, Inc., ("Jartran"), Frank B. Hall & Co., Inc., ("Hall") and James A. Ryder, ("Ryder") entered into a Consulting Agreement whereby Jartran employed Ryder to serve as a consultant for a period commencing January 1, 1982, and ending December 31, 1991. This Agreement further provided for Hall's irrevocable and unconditional guaranty of the first five (5) years of base salary and non-competition compensation due to Ryder by Jartran.

On October 17, 1984, Landmark Bank ("Bank") obtained a Final Judgment against Ryder in the United States District Court for the Southern District of Florida in the amount of $312,205.52. Pursuant to that Judgment, the Bank proceeded with post-judgment collection remedies and caused certain writs of garnishment to be issued by the District Court and served on Jartran.

In early October of 1985, the Bank, Ryder, and Jartran, entered into an Assign-

ment/Security Agreement and Acknowledgment of Assignment ("Assignment Agreement") wherein the Bank and Ryder agreed to settlement of Ryder's outstanding liability on their judgment by payment of the total sum of $100,000.00. This revised obligation was secured by a partial assignment of Ryder's interests in the Consulting Agreement, executed by Ryder and Jartran on December 31, 1981.

On October 7, 1985, the Bank, Ryder, and Jartran executed a Stipulation for Payment of Judgment and Dissolution of Writs of Garnishment. This Stipulation incorporated the agreement reached by the parties (as set forth in the Assignment Agreement) and further provided that the Bank would dissolve all writs of garnishment upon the entry of an Order of the Court ratifying the Stipulation, and upon the Bank's receipt of $15,000.00. The United States District Court ratified and approved the Stipulation for Payment of Judgment and Dissolution of Writs of Garnishment by Order dated October 9, 1985.

On October 24, 1985, the Bank perfected its security interest in the Assignment Agreement by filing the appropriate U.C.C. Form with the Secretary of State.

On January 6, 1986, Ryder filed his Chapter 11 Bankruptcy Petition. During the pendency of the Chapter 11 case, the Debtor in Possession filed suit against Hall, on the guaranty, and recovered $55,000.00.

The Debtor in Possession also filed a preference action against the Bank for the return of any and all pre-petition payments made to the Bank, which action was denied by this Court.

On January 16, 1987, the Chapter 11 case was converted to a case under Chapter 7 and a Chapter 7 Trustee was appointed. At the time of the conversion, $45,000.00 of the funds recovered from Hall remained in the Debtor in Possession Account.

By virtue of this Complaint, the Chapter 7 Trustee has requested this Court to determine the validity, extent and priority of interests claimed by the Bank, the Debtor, and the Chapter 7 Trustee, in the remaining $45,000.00 recovered by the Debtor on the Hall guaranty.

The Debtor contends that these funds constitute recovery on a personal service contract and are therefore, not property of the debtors' estate. The Bank alleges that it has a perfected security interest in said funds; and the Chapter 7 Trustee asserts that the $45,000.00 recovery is property of the estate, subject to administration by the Trustee.

### DEBTOR'S CLAIM TO FUNDS

 The Debtor alleges that the funds recovered on the Hall guaranty constitute payment on a personal service contract, and are therefore, not property of the estate.

The Court finds, based upon the evidence presented, that there was no performance requirement on the part of the Debtor, as the guarantor irrevocably and unconditionally insured payment of the Debtor's compensation, as set forth in the Consulting Agreement.

It is well established that where a contract has been substantially completed before bankruptcy, to the extent that nothing remains but the payment of money, the claim becomes a chose in action which passes to the estate. (See *Collier* 15th Ed. ¶ 541.09(3); See also *In re Malloy*, 2 B.R. 674 (Bankr.M.D.Fla.1980); *Florance v. Kresge*, 93 F.2d 784 (4th Cir.1938); and *Hudson v. Wylie*, 242 F.2d 435 (9th Cir. 1957)). Based upon a thorough evaluation of the evidence and arguments presented, the Court finds that the funds recovered from the Hall guaranty do not constitute a recovery on a personal services contract, but resulted from a chose in action, which accrued to the benefit of the Debtor upon the effective date of the Consulting Agreement. Case law clearly establishes that choses in action which accrue to the Debtor pre-petition, are property of the Debtor's estate. (See *In re Bell & Beckwith*), 64 B.R. 144 (Bankr.N.D.Oh.1986); *In re Mills*, 46 B.R. 525, (Bankr.S.D.Fla.1985); *Miller v. Shallowford Community Hospital, Inc.*, 767 F.2d 1556 (11th Cir.1985); *In re Ryerson*, 739 F.2d 1423 (9th Cir.1984); *In*

*the Matter of Raymond Construction Co. of Florida, Inc.,* 6 B.R. 793 (Bankr.M.D. Fla.1980)).

Accordingly, this Court finds that the Debtor's claim that the recovery was based on a personal services contract and is therefore not property of the estate is unpersuasive, and contrary to established case law. The Court finds that the funds recovered on the Hall guaranty are derived from a chose in action which accrued to the Debtor's benefit pre-petition and constitutes property of the Debtor's estate.

## BANK'S CLAIM TO SECURED POSITION IN FUNDS

■ The Bank asserts a perfected security interest in the funds recovered on the Hall guaranty by virtue of writs of garnishment issued pre-petition on their judgment from the District Court. The Bank claims it was perfected, by virtue of these writs, to the extent of $70,000.00 and subsequently received $35,000.00; leaving the Bank as a perfected secured creditor as to the remaining $35,000.00.

The Bank further contends that should the Debtor in this case be successful and recover the funds, because the funds are determined to be exempt and not property of the estate, then the Bank is entitled to recover the full $45,000.00 due to the Debtor's pre-petition execution of the Assignment Agreement and Stipulation.

The resolution of the Bank's claim involves the careful scrutiny of the dates on which various transactions occurred, relative to the petition filing date. These critical dates are as follows:

| DATE | DAYS PRIOR TO PETITION DATE | ACTIVITY |
|------|------|------|
| October 7, 1985 | 91 days | Stipulation for payment of Judgment and Dissolution of Writs of Garnishment executed by the parties. |
| October 9, 1985 | 89 days | Order on Stipulation entered by Judge of the United States District Court, Writs of Garnishment dissolved |
| October 24, 1985 | 74 days | Bank's security interest in Assignment Agreement perfected by U.C.C. filing |

The Court finds that there is not a sufficient nexus between the claim asserted by the Bank under the perfected writs of garnishment sufficient to establish a perfected security interest in the funds recovered on the Hall guaranty.

The facts before this Court clearly establish that the Bank voluntarily dissolved the writs of garnishment, and accepted an assignment of proceeds in their stead. After careful analysis of the evidence and arguments presented, the Court finds that at the point in time when the Bank agreed to the dissolution of the perfected writs of garnishment, the Bank became an unsecured creditor to the extent of its interest, as modified, and as set forth in the Assignment Agreement, Stipulation and Order of the Federal District Court. Although the Bank did subsequently perfect its security interest in the Assignment Agreement, said perfection occurred within the ninety (90) day period prior to the Debtor's petition in bankruptcy, and is therefore avoidable by the Trustee pursuant to 11 U.S.C. § 547. (See *Omni Development and Services, Inc., v. Servicios E. Inversiones Solsan (In re Omni Development and Services, Inc.)* 31 B.R. 482 (Bankr.S.D.Fla.1983); *Still v. Murfreesboro Production Credit Association, (In re Butler),* 3 B.R. 182 (Bankr.E.D. Tenn.1980); *Weill v. Tennessee Central Credit Union, (In re Kelley)* 3 B.R. 651 (Bankr.E.D.Tenn.1980)).

Based upon the evidence and arguments presented, the Court further finds that the debt owed to the Bank was created by the judgment of the District Court entered on October 17, 1984, and constitutes an antecedent debt. The security interest in the Assignment Agreement was perfected solidly within the ninety (90) day period pro-

ceeding the filing of the petition, and cannot be denied to have occurred while the Debtor was insolvent, as provisions of 11 U.S.C. § 547(f) provide a presumption of insolvency during this period, which was not rebutted by the Bank. (See *Omni Development, supra* at 485). Finally, the perfection of this security interest would clearly enable the Bank, as a perfected secured creditor, to receive substantially more than the Bank can receive as a general unsecured creditor in the Chapter 7 liquidation. (See *Omni Development, supra* at 485).

For the reasons set forth herein, the Court finds that perfection of the Bank's security interest is voidable by the Chapter 7 Trustee, and that the Bank has no greater claim to the funds recovered on the Hall guaranty, than any other general unsecured creditor.

This Court is not unmindful that prior to the execution of the Assignment Agreement and Stipulation, the Bank held a valid secured position on various funds by virtue of writs of garnishment, which this Court held to be perfected on the date they were served, and upon which this Court denied the Debtor in Possession's preference action for the return of the payments received by the Bank. The decision of this Court relating to recovery of the funds paid to the Bank by the Debtor, under a preference action, are not, however, dispositive of the Trustee's right to avoid liens and the perfection of a security interest within the ninety (90) day period prior to bankruptcy, as set forth in 11 U.S.C. § 547.

The Court has previously determined that the Debtor is not entitled to the funds recovered on the Hall guaranty, and therefore, the Bank's second contention, that the Bank would prevail over the Debtor's claim, is moot.

### CONCLUSION

In summary, for the reasons set forth herein, the Court finds that the recovery of funds on the Hall guaranty, was in the nature of a recovery on a chose in action that accrued to the Debtor's benefit pre-petition, and therefore constitutes property of the estate. The Court further finds, based upon the evidence and arguments presented, that the Bank voluntarily dissolved its perfected writs of garnishment; that the Trustee may avoid the perfection of the Bank's security interest in the Assignment Agreement, (as all the elements of 11 U.S.C. § 547(b) have been met); and that the Bank has no greater claims to these funds than a general unsecured creditor of this estate. Accordingly, this Court determines that the funds recovered by the Debtor on the Hall guaranty are property of the Debtor's estate subject to administration by the Chapter 7 Trustee.

A separate Final Judgment of even date has been entered in conformity herewith.