**In re Janna W. CUNDIFF a.k.a. Janna Boggs, Debtor.**

**Joseph Woods CUNDIFF, Plaintiff–Appellee,**

v.

**Janna W. CUNDIFF, Defendant– Appellant.**

BAP No. 98–8045.

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Argued Oct. 7, 1998.

Decided Dec. 21, 1998.

Michael T. Gunner, Gunner & Banchefsky, Hilliard, OH, argued and on brief, for Appellant.

Brenda K. Neville, argued and on brief, Richard B. Meyers, Chesapeake, OH, on brief, for Appellee.

David Kuhn, Portsmouth, OH, Trustee.

Before: BAXTER, LUNDIN, and RHODES, Bankruptcy Appellate Panel Judges.

## OPINION

### I. ISSUES ON APPEAL

The Appellee obtained a judgment in bankruptcy court determining that a debt owed to him by the Debtor for attorney fees in their divorce action is nondischargeable under 11 U.S.C. § 523(a)(5). Although the Debtor raises numerous issues on appeal, this appeal is controlled by the issue of standing. The Panel concludes that the Appellee lacks standing to bring this claim. Accordingly, the Panel vacates the bankruptcy court's judgment with instructions to dismiss the complaint.

### II. JURISDICTION AND STANDARD OF REVIEW

■ The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the BAP. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (citations and internal quotations omitted). A judgment that determines dischargeability is a final appealable order. *See, e.g., National City Bank v. Plechaty (In re Plechaty* ), 213 B.R. 119, 121 (6th Cir. BAP 1997).

■ "Whether a party has standing is a legal question reviewed de novo." *Ohio Ass'n of Independent Schools v. Goff,* 92 F.3d 419, 421 (6th Cir.1996) (citing *Greater Cincinnati Coalition for Homeless v. City of Cincinnati,* 56 F.3d 710, 715 (6th Cir.1995)). *See also United States v. $515,060.42 in United States Currency,* 152 F.3d 491, 497 (6th Cir.1998) (citing *United States v. 37.29 Pounds of Semi–Precious Stones,* 7 F.3d 480, 483 (6th Cir.1993)); *Southern California Permanente Medical Group v. Ehrenberg,* 215 B.R. 27 (9th Cir. BAP 1997). "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *First Union Mortgage Corp. v. Eubanks (In re Eubanks* ), 219 B.R. 468, 469 (6th Cir. BAP 1998) (citing *In re Schaffrath,* 214 B.R. 153, 154 (6th Cir. BAP 1997)).

### III. FACTS

The Debtor, Janna W. Cundiff, a.k.a. Janna Boggs ("Boggs"), and Joseph Cundiff ("Cundiff") are former spouses. The Lawrence County, Ohio Court of Common Pleas issued an Order ("the Order") which required

Boggs to pay $10,000 to Cundiff toward his accrued attorney fees in their pending domestic relations case. Pursuant to the Order, Boggs was to pay this amount directly to Cundiff. Prior to paying the attorney fees, Cundiff filed a Chapter 7 bankruptcy petition. His bankruptcy schedules omitted both the $10,000 debt to his attorneys and the $10,000 owed him by the debtor. Cundiff received a discharge on July 14, 1997.

In June 1997, Boggs filed a Chapter 7 bankruptcy petition. She scheduled the $10,000 debt as owing to Cundiff's attorneys and listed Cundiff as a codebtor.

Within Boggs' bankruptcy, Cundiff filed a complaint to determine dischargeability pursuant to § 523(a)(5). Boggs filed an answer denying that the debt was nondischargeable. She contends that Cundiff does not have standing to object to the dischargeability in her bankruptcy case because the judgment was an asset of Cundiff's bankruptcy estate, and must be pursued, if at all, by the Chapter 7 trustee in Cundiff's case.

The bankruptcy court relied on *Mallin v. Mallin*, 102 Ohio App.3d 717, 657 N.E.2d 856 (Ohio Ct.App.1995) in rejecting Boggs' challenge to Cundiff's standing to pursue the dischargeability action. The court found that *Mallin* supported the conclusion that Cundiff was a proper party to bring this action. The bankruptcy court found that if the trustee collected the judgment, the proceeds would not be distributed to the general creditors of Cundiff's estate, but rather, would be distributed only to Cundiff's attorneys. As a court of equity, the bankruptcy court determined that it was compelled to implement the intentions of the state court.

At oral argument, Cundiff's counsel conceded that the $10,000 judgment became property of Cundiff's estate, that it passed to the trustee, and that it was neither administered, abandoned or exempted.

## IV. DISCUSSION

■ Standing is a jurisdictional element which cannot be waived and can be raised at any time. *See, e.g., United States v. Van*, 931 F.2d 384, 387 (6th Cir.1991). Bankruptcy Rule 4007(a) explains who has standing to file a complaint to determine dischargeability:

**Rule 4007. Determination of Dischargeability of a Debt**

**(a) PERSONS ENTITLED TO FILE COMPLAINT.** A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt. FED.R.BANKR.P. 4007(a).

■ Under this rule a trustee of one bankruptcy estate has standing to file a complaint to determine dischargeability in another bankruptcy case. *See Berkowitz v. Muller (In re Muller)*, 111 B.R. 911, 912 (Bankr. S.D.Cal.1990). However, a trustee does not have standing to file a complaint to determine dischargeability in the case in which the trustee serves. *See Houghton v. Hovatter (In re Martin)*, 64 B.R. 638, 639 (Bankr. D.Del.1986).

Unless otherwise authorized, a cause of action which is property of the bankruptcy estate can only be prosecuted by the Trustee on behalf of the estate. *In re Carson*, 82 B.R. 847, 851 (Bankr.S.D.Ohio 1987) (citing *Miller v. Shallowford Community Hosp., Inc.*, 767 F.2d, 1556, 1559 (11th Cir.1985); *In re Bell & Beckwith*, 64 B.R. 144 (Bankr. N.D.Ohio 1986)).

■ Generally, closing a case revests unadministered property in the debtor. 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."). However, "property of the estate that is not abandoned under [ ] section [554] and that is not administered in a case remains property of the estate." 11 U.S.C. § 554(d).

Many courts have held that "when the debtor has failed to disclose an asset in accordance with § 521(1) of the Code and the Trustee has not otherwise administered it, the asset is not, upon the closing of the case, deemed abandoned or administered for purposes of § 350, as it would be if the asset were properly disclosed." *Dwyer v. Peebles (In re Peebles)*, 224 B.R. 519 (Bankr.D.Mass. 1998) (citing 11 U.S.C. § 554(c)). *See also In*

*re Auto West, Inc.,* 43 B.R. 761, 763 (D.Utah 1984) ("[U]nlisted assets are not deemed abandoned."); *In re Benefield,* 102 B.R. 157, 159 (Bankr.E.D.Ark.1989) ("[T]he property in question was never scheduled and, therefore, it remained property of the estate after the case was closed.").

It is clear that an asset must be properly scheduled in order to pass to the debtor through abandonment under 11 U.S.C. § 554. *See Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir. 1991) (refusing to find unscheduled cause of action abandoned even where trustee was aware of it prior to abandonment); *In re Medley,* 29 B.R. 84, 86–87 (Bankr. M.D.Tenn.1983) (refusing to abandon unscheduled refund claim to debtor); *DiStasio v. United States,* 22 Cl.Ct. 36, 52 (1990) (holding claim for refund abandoned only if scheduled); *Weiner v. United States,* 15 Cl.Ct. 43, 45 (1988) (retaining unscheduled tax refund claim as property of bankrupt estate); *see generally* 4 COLLIER ON BANKRUPTCY ¶ 554.03 (15th ed.1994). It is equally clear that since the bankrupt estate retains unscheduled assets, only the bankruptcy trustee has the authority to control them. 11 U.S.C. § 554(d) ("property ... not abandoned under this section ... remains property of the estate")....
*[S]ee also Mindlin v. Drexel Burnham Lambert Group,* 160 B.R. 508, 514 (S.D.N.Y.1993) ("By operation of 11 U.S.C. § 554(c) and (d), any asset not scheduled pursuant to 11 U.S.C. § 521(1) remains property of the estate, and the debtor loses all rights to enforce it under his own name.").

*Hutchins v. IRS,* 67 F.3d 40, 43 (3d Cir. 1995). *See also In re McCoy,* 139 B.R. 430 (Bankr.S.D.Ohio 1991).

■■■ The bankruptcy court's rationale for denying Boggs' challenge of Cundiff's standing fails. Standing to pursue the statutory cause of action in § 523(a)(5) is a question of federal law. In this Circuit, standing is determined by application of a three-part test: "(1) has the plaintiff suffered a direct or imminent injury in fact? (2) is there a causal connection between the injury and the defendant's conduct, or was the injury caused by the independent action of some third party not before the court? and (3) is there a likelihood that the injury will be redressed by a favorable decision?" *DeBolt v. Espy,* 47 F.3d 777, 779–80 (6th Cir.1995) (citations and internal quotations omitted). The attorney fees award is an asset of Cundiff's bankruptcy estate. The only party with a present interest in that judgment is the trustee in that case. Because the Appellee has no interest in the judgment, as a matter of federal law, he has no standing to pursue collection of the award, including filing a complaint for nondischargeability in Boggs' bankruptcy case. *In re Carson,* 82 B.R. 847, 851 (Bankr. S.D.Ohio 1987) (citing *Miller v. Shallowford Community Hosp., Inc.,* 767 F.2d 1556, 1559 (11th Cir.1985); *In re Bell & Beckwith,* 64 B.R. 144 (Bankr.N.D.Ohio 1986)).

## V. CONCLUSION

The judgment of the bankruptcy court is vacated with instructions to dismiss the dischargeability complaint, as Cundiff lacks standing to pursue the dischargeability action.