TREADON, Individually and d.b.a. Robert J. Treadon
& Associates, et al., Appellants,

v.

CITY OF OXFORD, Appellee.

[Cite as *Treadon v. Oxford*, 149 Ohio App.3d 713, 2002-Ohio-5879.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2002–01–025.

Decided Oct. 28, 2002.

in *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, paragraph one of the syllabus.

**714**

Fred Miller, for appellants.

Rendigs, Fry, Kiely & Dennis, L.L.P., and Thomas S. Shore Jr.; Altick & Corwin Co., L.P.A., and Stephen M. McHugh, for appellee.

WILLIAM W. YOUNG, Judge.

{¶ 1} Plaintiffs-appellants, Robert J. Treadon and Robert J. Treadon & Associates, appeal from the decision of the Butler County Court of Common Pleas granting summary judgment to the city of Oxford. We affirm the judgment of the trial court.

{¶ 2} The city of Oxford published a legal notice in the newspaper indicating that it was accepting bids for the construction of a parking garage. Two bids were submitted prior to the May 1, 2001 deadline. Hotel Development Services ("HDS") and Warm Bros. Construction Company submitted bids. Appellants, an architectural firm, agreed to prepare the overall architectural design for the Warm Bros. bid. On May 2, 2001, the city of Oxford informed Warm Bros. and appellants that it had accepted the HDS bid.

{¶ 3} On May 15, 2001, Warm Bros. and appellants filed a complaint against the city of Oxford alleging that the Warm Bros. bid was the lowest and best bid.

Warm Bros. and appellants sought injunctive relief, damages, and declaratory judgment. Oxford moved for summary judgment. The trial court granted Oxford's motion, finding that "Warm Bros. Construction Company as the general contractor has standing to bring a suit. [Appellants] were the subcontractors for Warm Bros. Construction Company and as such do not have standing to bring a suit against the City of Oxford." The trial court also upheld the city of Oxford's decision to award the contract to HDS. Appellants appeal from the decision, raising a single assignment of error:

{¶ 4} "The trial court erred to the prejudice of plaintiffs-appellants when it granted the defendant's motion for summary judgment."

{¶ 5} An appellate court reviews a decision granting summary judgment on a de novo basis. See *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is properly granted when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1976), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 6} Appellants argue that "an architect who submits a joint bid with a contractor has standing to file suit when the joint bid is rejected by a governmental entity." Appellants therefore argue that it was an error to grant summary judgment to the city of Oxford.

{¶ 7} Oxford's legal notice requesting bids for the parking garage project states, "The overall architectural design shall conform to the guidelines of the Historic and Architectural Preservation Commission ('HAPC'). * * * Proposals should be submitted in two parts. Part one is the proposal for design of the parking structure. Part two is the cost proposal and should be submitted in a separate sealed envelope. * * * The City of Oxford retains the right to reject any and all proposals."

{¶ 8} In Ohio, in order to have standing to challenge the award of a contract on a public construction project, the party must have submitted a bid on the project. See *State ex rel. Associated Bldrs. & Contrs. Cent. Ohio Chapter v. Jefferson Cty. Bd. of Commrs.* (1995), 106 Ohio App.3d 176, 182, 665 N.E.2d 723. Appellants argue that they have standing as "joint bidders" with Warm Bros. on the parking garage project. However, the bid is on Warm Bros. letterhead. The bid highlights eight other parking garage projects Warm Bros. had completed or is currently constructing. The bid discusses the corporate history, financial strength, officers, and former clients of Warm Bros. Furthermore, James E. Kelly, president of Warm Bros., signed the bid. Appellants did not sign the bid.

Appellants' other projects, corporate history, financial strength, officers, and former clients were not discussed in the bid. We accordingly conclude that appellants were not "joint bidders" with Warm Bros.

{¶ 9} Appellants also argue that they have standing as a subcontractor. In support of their position, appellants argue that *Wilson Bennett, Inc. v. Greater Cleveland Regional Transit Auth.* (1990), 67 Ohio App.3d 812, 588 N.E.2d 920, stands for the proposition that subcontractors as well as disappointed bidders have standing to bring an action against a public entity. However, in *Wilson Bennett,* the instructions in the project manual required all bidders to obtain "letters of intent to perform" from all subcontractors in order for the bid to be responsive. One bidder failed to enclose the subcontractor letters of intent in its bid, yet that bidder was awarded the contract. Requiring the subcontractors to sign letters of intent gave the subcontractors in *Wilson Bennett* a stake in the controversy that appellants do not have in the case at bar. Oxford did not require "joint bidders" or letters of intent to perform from the architects in its request for bids. Consequently, *Wilson Bennett* does not apply to this case.

{¶ 10} There is no genuine issue as to any material fact. Warm Bros. submitted the bid and that bid was rejected because "HAPC guideline standards were not incorporated into the design." Since appellants did not submit a bid, they have no standing to file suit. See *State ex rel. Associated Bldrs.,* 106 Ohio App.3d at 182, 665 N.E.2d 723. Reasonable minds can come to but one conclusion and that conclusion is adverse to appellants. The city of Oxford is entitled to judgment as a matter of law.

{¶ 11} Appellants next argue that "when questions of fact exist regarding whether a public entity properly advertised and opened bids or whether the entire procedure was a sham, it is inappropriate to grant summary judgment to the public entity when suit is filed by the lowest and best bidder." However, our disposition of the appellants' first argument renders the second argument moot. See App.R. 12(A)(1)(c). Without submitting a bid, appellant has no standing to challenge the award of a contract on a public construction project. See *State ex rel. Associated Bldrs.,* 106 Ohio App.3d at 182, 665 N.E.2d 723. Therefore, the assignment of error is overruled.

Judgment affirmed.

WALSH, P.J., and POWELL, J., concur.