OPINION
{¶ 1} The Illuminating Company ("CEI") appeals the June 10, 2002 judgment entry of the Ashtabula County Court of Common Pleas entering the jury verdict in favor of Wesley Shinkle ("Shinkle") against CEI in the amount of $12,050.56. CEI further appeals the June 20, 2002 judgment entry overruling CEI's motion to quash subpoenas. For the reasons set forth below, we reverse and remand this matter back to the trial court.
 {¶ 2} On July 10, 1999, Shinkle was traveling in his tractor-trailer on Footville-Richmond Road in Rock Creek. As Shinkle entered the intersection with Mechanicsville Road, his tractor-trailer made contact with a wire traversing the road. It was undetermined whether the wire that damaged the tractor-trailer was owned by CEI or Alltel. The wire caused damage to his tractor, as well as his refrigerated trailer. The wire that caused the damage was attached to a new pole with the old broken pole visible beside the newer one. At the time, there were two CEI crews working in the area because of a recent storm.
 {¶ 3} Since Shinkle had to deliver a refrigerated load soon after the accident, Shinkle temporarily fixed the refrigerated trailer. At this time, Shinkle was engaged in a permanent lease with Eastern Refrigerated ("Eastern") and was not permitted to haul freight for any other company. Eventually, Shinkle had the trailer and the tractor repaired. The tractor and trailer were out of service for 92 days. Ostensibly, Northland Insurance Company ("Northland") paid for said damages, less Shinkle's deductible.
 {¶ 4} Northland and Shinkle filed a negligence action against CEI and Alltel for property damage and lost income on July 10, 2000. On August 3, 2000, Shinkle filed for bankruptcy. In doing so, he failed to schedule the instant matter as an asset in his bankruptcy proceeding. A two day trial commenced on June 5, 2002. At the close of Shinkle's case, CEI and Alltel moved for a directed verdict. The court granted the motion against Northland for failure to prosecute, but denied the motion as to Shinkle.
 {¶ 5} At the close of the evidence, the parties met with the court to discuss the jury instructions. CEI orally requested a charge regarding the duty on the part of Shinkle to mitigate damages. The trial court denied CEI's request. At the end of this meeting, CEI moved to amend the pleadings to reflect its mitigation defense. The trial court granted CEI's motion.
 {¶ 6} On June 6, 2002, the jury returned a verdict in favor of Shinkle against CEI for damages of $12,050.56, without delineating the damages awarded for the alleged property damage and those awarded for the lost profits. The jury also returned a verdict in favor of Alltel against Shinkle. Shinkle then moved for pre-judgment interest. In doing so, Shinkle issued subpoenas duces tecum to CEI's attorney and claims representatives requesting production of the legal file and the claims file. CEI moved to quash the subpoenas. The trial court overruled CEI's motion. CEI timely appealed the denial of their motion. CEI also moved for judgment notwithstanding the verdict or for new trial and moved to substitute the real party in interest, arguing that because of Shinkle's bankruptcy filing, the real party in interest was the bankruptcy trustee. The trial court denied each of these motions. CEI timely appealed the judgment entry of the verdict. This court consolidated the two appeals.
 {¶ 7} CEI raises the following assignments of error:
 {¶ 8} "[1.] Where there was no evidence of any action or inaction by CEI, the trial court prejudicially erred when it permitted the jury to speculate as to fact and breach of duty where no legal duty was shown to exist.
 {¶ 9} "[2.] The trial court prejudicially erred when it permitted Shinkle to submit to the jury a property damage claim for which there was no foundation evidence as to the value of the damage or the fair market value of the vehicle and for which Shinkle was not even the real party of interest.
 {¶ 10} "[3.] The trial court prejudicially erred when it allowed the jury to speculate concerning the existence and amount of lost profits.
 {¶ 11} "[4.] Where the trial court permitted the Illuminating Company to amend its pleadings to conform to the evidence and assert a mitigation of damages defense, the trial court prejudicially erred where it refused to instruct the jury on that concept.
 {¶ 12} "[5.] Where the plaintiff had filed bankruptcy and his bankruptcy estate was the real party in interest, the trial court prejudicially erred when it refused to substitute the bankruptcy estate as the real party in interest.
 {¶ 13} "[6.] Where plaintiff moved for prejudgment interest and attempted to subpoena defendant's claims file and attorney's file, the trial court prejudicially erred when it refused to perform an in camera inspection of those files.
 {¶ 14} "[7.] Where plaintiff failed to comply with Civil Rule 45 in his issuance of subpoenas, the trial court prejudicially erred when it refused to quash those subpoenas."
 {¶ 15} The issue of standing is dispositive to this appeal because a finding that Shinkle did not have standing to bring this suit necessitates dismissal of the complaint. See In reCundiff (B.A.P.6, 1998), 227 B.R. 476, 479 (Upon a finding that the appellee lacked standing to bring the suit in the court below, the court did not address the appellant's issues on appeal. Rather, the court reversed the lower court's decision and instructed the court to dismiss the complaint.); Cleveland exrel. O'Malley v. White, 148 Ohio App.3d 564, 2002-Ohio-3633, at ¶ 47 (the plaintiff's lack of standing required a dismissal of the complaint); Contel Credit Corp. v. Tiger, Inc. (1987),36 Ohio App.3d 71, 74 ("The judgment of the trial court is reversed and the cause is remanded to the trial court to dismiss the complaint based upon the appellee's lack of standing to bring the action."). Thus, we will address CEI's fifth assignment of error first.
{¶ 16} CEI argues in its fifth assignment of error thatShinkle is not the real party in interest. CEI claims that sinceShinkle filed bankruptcy on August 3, 2000, and since there is noindication that the bankruptcy estate abandoned the claim, thebankruptcy trustee is the real party in interest. Thus, CEIasserts that the bankruptcy trustee is the real party ininterest.
 {¶ 17} "Every action shall be prosecuted in the name of the real party in interest." Civ.R. 17(A) (emphasis added). "Compliance with Civ.R. 17 is considered procedural, not jurisdictional, and may be waived if not specifically pled."Travelers Indemn. Co. v. R.L. Smith Co. (Apr. 13, 2001), 11th Dist. No. 2000-L-014, 2001 Ohio App. LEXIS 1750, at *8 (citation omitted). However, Civ. R. 17 is not applicable when the plaintiff is "not the proper party to bring the case" and, thus, does not have standing to do so. Id. at *11. "A person lacking any right or interest to protect may not invoke the jurisdiction of a court." Id. at *10, citing State ex rel. Dallman v. Courtof Common Pleas (1973), 35 Ohio St.2d 176, 178. Thus, "[s]tanding is a jurisdictional element which cannot be waived and can be raised at any time." Cundiff, 227 B.R. at 478
(emphasis added); see, also, New Boston Coke Corp. v. Tyler
(1987), 32 Ohio St.3d 216, 218, citing United States v. StorerBroadcasting Co. (1956), 351 U.S. 192, 197, ("the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time").
 {¶ 18} All property, including civil causes of action, In reCottrell (C.A. 6, 1989), 876 F.2d 540, 542, is property of the bankruptcy estate. Whitfield v. Ford Motor Co. (Feb. 27, 1995), E.D. Mich. Case No. 94-CV-70563-DT, 1995 U.S. Dist. LEXIS 5633, at *12. Thus, the bankruptcy trustee is the only party that has standing to pursue these claims, id., unless the trustee abandons the claim. McGlone v. Blaha (Nov. 17, 2000), 4th Dist. No. 99 CA 2533, 2000 Ohio App. LEXIS 6340, at *6 (citation omitted). "[T]he Bankruptcy Code `deprives the creditors of the right to share in the debtor's property only if that property was formally abandoned by the court after a hearing or if the property was explicitly identified in the debtor's bankruptcy schedules and was never administered by the trustee during the pendency of the case.'" In re Schafler (N.D.Ca., 2001), 263 B.R. 296, 305, quoting In re Harris (S.D.Fla., 1983), 32 B.R. 125, 128. Thus, a claim is not deemed to be abandoned if the debtor fails to schedule the claim, In re McCoy (S.D.Ohio, 1991), 139 B.R. 430,431-432, or gives incomplete or false information, such as the value of the claim. Schafler, 263 B.R. at 305. Moreover, the debtor bears the burden of establishing abandonment. McGlone, 2000 Ohio App. LEXIS 6340, at *7, citing Barletta v. Tedeschi
(N.D.N.Y., 1990), 121 B.R. 669, 672.
 {¶ 19} In this case, Shinkle filed for bankruptcy prior to filing this action. Thus, at all times, the within action was the property of the bankruptcy estate and must have been prosecuted by the bankruptcy trustee, unless the claim was abandoned. SeeHargreaves v. Carter (Mar. 27, 1996), 9th Dist. No. 17450, 1996 Ohio App. LEXIS 1167, at *10-*11 ("Because the claims at issue were neither expressly nor impliedly abandoned under11 U.S.C. § 554, * * * [the plaintiff] may not prosecute the claims against defendants.") A review of the record indicates that the claim was never properly scheduled, nor does the record reveal that the claim was formerly abandoned after a hearing. Shinkle, therefore, failed to meet his burden that the claim was abandoned. Thus, he has no interest in this case and lacked standing to bring this suit, Smith, 2001 Ohio App. LEXIS 1750, at *11, an issue which CEI could raise at any time. See Cundiff, 227 B.R. at 478;Tyler, 32 Ohio St.3d at 218 (citation omitted). In fact, CEI moved to substitute the bankruptcy trustee as the real party in interest on June 24, 2002.
 {¶ 20} CEI's fifth assignment of error is sustained. This finding renders the other assignments of error moot. See Treadonv. Oxford, 149 Ohio App.3d 713, 2002-Ohio-5879, at ¶ 11;Tiemann v. Univ. of Cincinnati (1998), 127 Ohio App.3d 312,324-326.
{¶ 21} For the foregoing reasons, we hold that Shinkle did nothave standing to bring this complaint. Thus, the decision of theAshtabula County Court is reversed and remanded, withinstructions to dismiss the complaint.
Donald R. Ford, P.J., concurs.
Judith A. Christley, J., dissents.